IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki, | ) | C/A No. 0:21-3014-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Chad's Body Shop & Towing Service; Sgt. Wanda Alexander, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the court for review of the May 5, 2022 Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 44.]

In the Report, the Magistrate Judge recommends dismissing Plaintiff's claims against Defendant Alexander with prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 1–2. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. Plaintiff has not filed objections to the Report, and the time for doing so has expired.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] On May 24, 2022, Plaintiff filed a supplement to his motion for default judgment against Defendant Chad's Body Shop & Towing Services, ECF No. 49, in response to a separate court order directing him to do so, ECF No. 43. This supplemental filing, however, does not respond to or mention Defendant Alexander's motion for summary judgment or the Report that is the subject of this Order. Nor does it indicate Plaintiff's desire to further pursue his claims against Defendant Alexander. The supplemental filing, therefore, does not constitute an objection to the Report.

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 44, and incorporates the Report by reference herein. As a result, Plaintiff's claims against Defendant Alexander are **DISMISSED** with prejudice pursuant to Fed R. Civ. P. 41(b), and Defendant Alexander's motion for summary judgment, ECF No. 35, is terminated as moot. This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

May 31, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge